IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| PAMELA KIRK STUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:13-CV-00462 |
| | ) | |
| WACHOVIA GROUP LONG TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Wachovia Corporation Long Term Disability Plan[1] (the "LTD Plan"), by and through undersigned counsel, petitions this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446 for the removal to this Court of this action based on federal question jurisdiction or, in the alternative, original jurisdiction based on complete diversity. The matter is currently pending in the General District Court for the County of Roanoke as Case No. GV13001993-00. The grounds for the removal are as follows:

1. On or about September 3, 2013, Plaintiff Pamela Kirk Stump ("Plaintiff") initiated this action by filing a Complaint against the LTD Plan in the General District Court for the County of Roanoke.

2. The LTD Plan was served with a copy of the Complaint by regular mail sent to its registered agent The Corporation Service Company on September 5, 2013. A true and correct copy of the Complaint is attached hereto as Exhibit A. To the best of the LTD Plan's knowledge, Exhibit A is the only pleading which has been filed or served by any party in the state court action as of this date.

---

[1] Although the Complaint names Wachovia Group Long Term Disability Plan as Defendant, the official name of the Plan is the Wachovia Corporation Long Term Disability Plan.

3. Plaintiff's Complaint asserts that she a rightful beneficiary of long-term disability benefits provided by her employer and originally sponsored by Wachovia Corporation but now sponsored by Wells Fargo & Company. (Exhibit A, Compl. ¶¶ 1, 2). Plaintiff further asserts that she is entitled to continuing benefits under the terms of the LTD Plan and that she was wrongfully denied such benefits. (Exhibit A, Compl. ¶ 16). The LTD Plan is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§ 1001, *et seq*. (Exhibit A, Compl. ¶¶ 1, 3). ERISA recognizes a federal cause of action for a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

4. Removal of this case is proper pursuant to this Court's federal question jurisdiction under 28 U.S.C. §§ 1331, 1441 and 1446. Under § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). ERISA provides that "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." 29 U.S.C. § 1132(f).

5. Because of ERISA's "complete preemption" of state laws relating to employee benefits plans, ERISA is an exception to the "well-pleaded complaint rule," and removal is appropriate under 28 U.S.C. § 1441(a) notwithstanding Plaintiff's failure

to plead her claim under federal law. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). To the extent any state law claim survives ERISA preemption, it is within this Court's supplemental jurisdiction under 28 U.S.C. § 1367 and/or 28 U.S.C. § 1441(c).

6.  In the alternative, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Plaintiff seeks disability benefits beginning June 30, 2012 and continuing until her 65th birthday on April 23, 2022 and also seeks attorneys' fees. (Exhibit A, Compl. ¶ 10 & p. 4). The alleged monthly benefit through age 65 combined with attorneys' fees will meet the jurisdictional amount required for removal—an amount in excess of $75,000, exclusive of interest and costs. *See, e.g.*, *CPFilms, Inc. v. Best Window Tinting, Inc.*, 466 F. Supp. 2d 711, 713 (W.D. Va. 2006) ("The Supreme Court has included attorney's fees in calculating the jurisdictional amount where either a statute or contractual clause creates a substantive right to the fees."); *Dunlap v. Green Tree Servicing, LLC*, Civ. A. No. 2:05-0311, 2005 U.S. Dist. LEXIS 32485, at *17 (S.D. W. Va. Nov. 28, 2005) ("'[W]e hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.'" (*quoting Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998))). The LTD Plan is sponsored by Wells Fargo & Company, a company incorporated under the laws of Delaware with its principal place of business in San Francisco, California. Upon information and belief, Plaintiff is a citizen of Virginia. Accordingly, there is complete diversity between these parties.

7. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, it is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

8. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed, having been filed within thirty (30) days after the LTD Plan's receipt of Exhibit A.

9. The LTD Plan is filing a copy of this Notice of Removal with the Clerk of the General District Court for the County of Roanoke pursuant to 28 U.S.C. § 1446(d) as reflected in the Notice of Removal to Federal Court, attached hereto as Exhibit B.

10. Written notice of the filing of this Notice of Removal has been provided to Plaintiff on this date, pursuant to 28 U.S.C. § 1446(d).

11. The LTD Plan is the only Defendant in this action. Therefore, no other parties must be joined in this removal.

WHEREFORE, the LTD Plan respectfully requests that this action be removed from the General District Court for the County of Roanoke to the United States District Court for the Western District of Virginia, Roanoke Division.

Respectfully submitted,

Wachovia Corporation Long Term
Disability Plan


By:   /s/ Summer L. Speight

Dana L. Rust (VSB #28408)
Summer L. Speight (VSB # 80957)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone: (804) 775-1082
Facsimile: (804) 698-2158
drust@mcguirewoods.com
sspeight@mcguirewoods.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Susan A. Waddell, Esq. (VSB #24302)
Guynn, Memmer & Dillon, P.C.
415 S. College Avenue
Salem, Virginia 24153
Telephone: (540) 387-2320
Facsimile: (540) 389-2350
Susan.waddell@gmdlawfirm.com
*Counsel for Plaintiff*

      /s/ Summer L. Speight
Dana L. Rust (VSB #28408)
Summer L. Speight (VSB # 80957)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone: (804) 775-1082
Facsimile: (804) 698-2158
drust@mcguirewoods.com
sspeight@mcguirewoods.com