

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 11568469
Date Processed: 09/05/2013

| | |
|---|---|
| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Rd<br>Suite 400<br>Wilmington, DE 19808 |
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| Entity Served: | Wells Fargo Bank, National Association |
| Title of Action: | Pamela Kirk Stump vs. Wachovia Group Long Term Disability Plan |
| Document(s) Type: | Warrant in Debt |
| Nature of Action: | Contract |
| Court/Agency: | Roanoke County General District Court, Virginia |
| Case/Reference No: | Not Shown |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 09/05/2013 |
| Answer or Appearance Due: | 10/28/2013 |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Susan A. Waddell<br>540-387-2320 |
| Client Requested Information: | Matter Management User Groups: [Service of Process] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT**
A

# WARRANT IN DEBT (CIVIL CLAIM FOR MONEY)
Commonwealth of Virginia    VA. CODE § 16.1-79

Roanoke County ................................ General District Court
CITY OR COUNTY

305 East Main Street, Salem, Virginia 24153
STREET ADDRESS OF COURT

**TO ANY AUTHORIZED OFFICER:** You are hereby commanded to summon the Defendant(s).

**TO THE DEFENDANT(S):** You are summoned to appear before this Court at the above address on October 28, 2013, 2:00 p.m. to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

DATE ISSUED .................. [ ] CLERK  [ ] DEPUTY CLERK  [ ] MAGISTRATE

**CLAIM:** Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of $8,164.00 net of any credits, with interest at 6.00 % from date of June 29, 2012 until paid, $58.00 costs and $........ attorney's fees with the basis of this claim being

[ ] Open Account [x] Contract [ ] Note [ ] Other (EXPLAIN) See attached Complaint.

HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] cannot be demanded

August 30, 2013
DATE

[ ] PLAINTIFF [x] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S EMPLOYEE/AGENT

## CASE DISPOSITION

JUDGMENT against [ ] named Defendant(s) [ ] ..............................................................

for $.......... net of any credits, with interest at ........ % from date

of .......... until paid, $.......... costs and $.......... attorney's fees

HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] CANNOT BE DEMANDED

[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] ..........

[ ] NON-SUIT [ ] DISMISSED

Defendant(s) Present? [ ] YES
                     [ ] NO

.......... .......... ..........
DATE                                                                JUDGE

---

CASE NO. ..............................

Stump, Pamela Kirk
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

v.

Wachovia Group Long Term Disability Plan
DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

Serve: Wells Fargo Bank National Association

Registered Agent: Corporation Services Co., Bank of America Center,
16th Floor, 1111 E. Main St., Richmond, VA 23219 (Richmond City)

## WARRANT IN DEBT
* * *

**TO DEFENDANT:** You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location.

[ ] To dispute this claim, you must appear on the return date to try this case.

[ ] To dispute this claim, you must appear on the return date for the judge to set another date for trial.

Bill of Particulars .......... ORDERED .......... DUE ..........

Grounds of Defense .......... ORDERED .......... DUE ..........

ATTORNEY FOR PLAINTIFF(S)
Susan A. Waddell, Esq., Guynn, Memmer & Dillon, PC
415 S. College Avenue, Salem, VA 24153, 540-387-2320

ATTORNEY FOR DEFENDANT(S)

---

**HEARING DATE AND TIME**

October 28, 2013

2:00 p.m.

---

JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION.

.......... DATE

.......... CLERK

**DISABILITY ACCOMMODATIONS** for loss of hearing, vision, mobility, etc., contact the court ahead of time.

**RETURNS:** Each defendant was served according to law, as indicated below, unless not found.

NAME: Wachovia Group Long Term Disability Plan c/o Wells Fargo Bank National Assn

ADDRESS: Reg Agt: Corporation Services Co.
1111 E. Main St, Richmond, VA 23219

[ ] **PERSONAL SERVICE** Tel. No. _____
Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

_____
SERVING OFFICER

for _____

DATE _____

---

NAME: _____
ADDRESS: _____

[ ] **PERSONAL SERVICE** Tel. No. _____
Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

_____
SERVING OFFICER

for _____

DATE _____

---

NAME: _____
ADDRESS: _____

[ ] **PERSONAL SERVICE** Tel. No. _____
Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

_____
SERVING OFFICER

for _____

DATE _____

---

I certify that I mailed a copy of this document to the defendants named therein at the address shown therein on

August 30, 2013   _____ signature _____

DATE

[ ] Plaintiff
[x] Plaintiff's Atty.
[ ] Plaintiff's Agent

Fi. Fa. issued on _____
Interrogatories issued on: _____
Garnishment issued on _____

---

**OBJECTION TO VENUE:**

To the Defendant(s): If you believe that Plaintiff(s) should have filed this suit in a different city or county, you may file a written request to have the case moved for trial to the general district court of that city or county. To do so, you must do the following:

1. Prepare a written request which contains (a) this court's name, (b) the case number and the "return date" as shown on the other side of this form in the right corner, (c) Plaintiff(s)' name(s) and Defendant(s)' name(s), (d) the phrase "I move to object to venue of this case in this court because" and state the reasons for your objection and also state in which city or county the case should be tried, and (e) your signature and mailing address.

2. File the written request in the clerk's office before the trial date (use the mail at your own risk) or give it to the judge when your case is called on the return date. Also send or deliver a copy to plaintiff.

3. If you mail this request to the court, you will be notified of the judge's decision.

VIRGINIA:

IN THE GENERAL DISTRICT COURT FOR THE COUNTY OF ROANOKE

| | |
|---|---|
| PAMELA KIRK STUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. _____ |
| WACHOVIA GROUP ) | |
| LONG TERM DISABILITY ) | |
| PLAN ) | |
| ) | |
| Serve: ) | |
| Wells Fargo Bank, National Association ) | |
| c/o Registered Agent: ) | |
| Corporation Services Company ) | |
| Bank of America Center, 16th Floor ) | |
| 1111 E. Main Street ) | |
| Richmond, Virginia 23219 ) | |
| (City of Richmond) ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff, Pamela Kirk Stump, by counsel, files this Complaint against the Defendant, The Wachovia Group Long Term Disability Plan (hereafter referred to as "the Plan"), and moves for judgment against the Defendant for breach of contract and the award of monetary damages as well as declaratory judgment on the grounds and in the amount set forth below:

1. That the Defendant is an employee benefit plan originally sponsored by Wachovia Corporation, which was purchased by Wells Fargo & Company in 2008. Wells Fargo & Company is the current Plan Sponsor.

2.  That Pamela Kirk Stump is a beneficiary under a group plan providing for long term benefits that was issued through her employer, Wells Fargo & Company ("Wells Fargo"), Claim No. 2804779.

3.  The policy at issue is subject to ERISA.

4.  That at all times relevant to this lawsuit, Pamela Kirk Stump was a covered employee and eligible for benefits under the Plan.

5.  Under the employee benefit plan, the Plan agreed to pay Ms. Stump a monthly benefit after its elimination period ended if she met the definition of disability contained in the plan. Ms. Stump was paid under the plan for short term disability benefits and long term benefits through June 30, 2012. Thereafter the Plan terminated her benefits stating that after her first 24 months of disability she no longer met the definition of disability applicable under the policy.

6.  After the first 24 months of benefit payments, a person is considered disabled due to "inability to perform all of the material and substantial duties of his or her or any other occupation for which he or she is or becomes reasonably fitted by training education and experience because of an Injury or Sickness." (Exhibit 1 to the Complaint, Determination letter of May 29, 2013).

7.  At the time of the issuance of the policy in question, Pamela Kirk Stump was an employee of Wachovia Bank and was employed as a customer service representative.

8.  As of December 30, 2009, Pamela Kirk Stump became disabled within the definition of the Plan and has been disabled since that time.

9. Pamela Kirk Stump was awarded Social Security Disability benefits relative to her disability with a date of onset of disability of December 29, 2009 and continues to receive benefits.

10. Notwithstanding her disability, the Plan terminated her benefits effective June 30, 2012. At that time she was receiving and was entitled to receive a monthly benefit of approximately $628. Under the definition of disability applicable under the Plan, she should also receive future benefits at the same rate until her 65th birthday (her date of birth is April 23, 1957).

11. Since her onset date, Ms. Stump has been totally and completely disabled within the definition of "total disability" defined by the policy as a result of multiple impairments including fibromyalgia, degenerative disc disease, carpal tunnel syndrome, chronic muscle pain, and depression.

12. Ms. Stump's disability has been fully documented by her medical care providers.

13. Notwithstanding the fact that Ms. Stump has been disabled as defined by the employee benefit plan, the Plan has denied benefits.

14. Ms. Stump filed two administrative appeals and continued to be denied benefits.

15. Ms. Stump was denied most recently by letter dated May 29, 2013.

16. Under the terms of the policy, the Plan is liable to Pamela Kirk Stump for continuing benefits for her disability subsequent to June 29, 2012, and continuing until she reaches the age of 65.

17. Pamela Kirk Stump has complied with all applicable requirements for recovery under the insurance policy.

Case 7:13-cv-00462-SGW   Document 1-1   Filed 10/04/13   Page 7 of 11   Pageid#: 13

18. Wachovia has wrongfully denied her benefits under the policy in breach of contract.

19. The decision of the Plan to deny benefits was not supported by substantial evidence.

WHEREFORE, the Plaintiff, Pamela Kirk Stump, moves the Court to grant her judgment for past due benefits due under the policies listed above subsequent to June 29, 2012, (which amount will total $8,164.00 ($628 x 13 months) as of October 1, 2013) and for future benefits until her 65th birthday and for prejudgment interest, post judgment interest, attorneys fees, and such other and further relief as the Court deems appropriate.

**HEARING DATE: OCTOBER 28, 2013, 2:00 p.m.**

Respectfully submitted,

PAMELA KIRK STUMP

By _[signature]_
Of Counsel

Susan A. Waddell, Esq. (VSB #24302)
Guynn, Memmer & Dillon, P.C.
415 S. College Avenue
Salem, VA 24153
Phone: 540-387-2320
Fax: 540-389-2350
Counsel for the Plaintiff



Leave Management
1525 W WT Harris Blvd
MAC D1114-02R
Charlotte, NC 28262

**WELLS FARGO**

May 29, 2013

Osterhoudt, Prillaman, Natt, Helscher, Yost, Maxwell & Ferguson, PLC
Amy Hansen Geddes
3140 Chaparral Drive, Suite 200-C
Roanoke, VA 24018

Re: Wachovia Long-Term Disability - Appeal Acknowledgment
Pamela Kirk, claim #2804779

Dear Ms. Geddes:

The Wachovia Long-Term Disability (LTD) Appeal Committee reviewed Ms. Kirk's appeal request received on April 15, 2013 regarding claim #2804779. After review of the appeal request, the committee upholds the denial decision rendered by Liberty Life Assurance Company of Boston (Liberty) on February 14, 2013.

As Ms. Kirk was informed in prior correspondence from Liberty Mutual, ("Liberty") in order to be eligible for Long-Term Disability benefits, the plan requires participants (in addition to satisfying all other plan terms and conditions) to meet the following definitions of "Disability".

*"Disability" or "Disabled" means:*
  *(a) during the Elimination Period and the next 24 months, the Participant's inability to perform all of the material and substantial duties of his or her own occupation on an Active Employment basis because of an Injury or Sickness; and*
  *(b) after the period described in paragraph (a) above, the Participant's inability to perform all of the material and substantial duties of his or her or any other occupation for which he or she is or becomes reasonably fitted by training, education, and experience because of an Injury or Sickness.*

Ms. Kirk's entire appeal file was reviewed by an independent physician. All of the available medical documentation furnished, in addition to the Liberty claim file, was reviewed. After review of the LTD appeal file, the Committee determined the medical evidence does not support her inability to perform all of the material and substantial duties of her own or any other occupation as of June 30, 2012.

**EXHIBIT 1**

The medical records presented for review do not support impairment secondary to psychiatric condition from June 30, 2012 through the present. There was no objective information that supported impairment due to fibromyalgia or psychiatric condition. It was noted that Ms. Kirk sees Dr. Desai once every three months. However, according to the records presented, he saw Ms. Kirk on July 19, 2012, and noted an essentially normal mental status and no cognitive problems, and basically a stable chronic depression. He then did not see her again until December 4, 2012, when, objectively, Dr. Desai noted that Ms. Kirk had been struggling a great deal. Mental status is essentially normal, and again, the chronic depression is listed as stable. There is no note to indicate that Ms. Kirk needed to be seen sooner or that there is concern of decompensation. There are no more notes from Dr. Desai after this.

The social worker named in the records presented for review indicated that she has not seen the claimant since before Christmas 2012.

If Ms. Kirk had been doing poorly, one would expect that she would have an increase in services, not decrease in services. There was nothing to indicate in December that Dr. Desai thought Ms. Kirk needed to be in an intensive outpatient program or psychiatric hospitalization and again, the therapist has not seen her since before Christmas. In the therapists' notes, a variety of social issues are found, such as Ms. Kirk's brother who had a liver transplant, Ms. Kirk taking care of an aunt who has an illness, and family members being hospitalized. Ms. Kirk is able to help a friend take care of grandchildren. She is taking care of her grandchildren during the summer. This clearly requires someone to be functioning at a level that enables them to take care of children.

Also in the notes, the social worker does not indicate any type of therapy except predominantly supportive, and again in the notes, there is not a reflection that would indicate that Ms. Kirk needed a higher level of care secondary to her poor functioning.

Neuropsychological testing done on May 12, 2011 and on June 8, 2011 was normal. It does indicate that Ms. Kirk tends to somaticize; however, neither the social worker nor the psychiatrist have noted in their diagnoses or in their treatment that she has somatization disorder leading to impairment. There are findings in the report that she could be inwardly more troubled by self-doubt and misgivings about her adequacy than is apparent on the surface. Certainly, this can be a therapeutic issue that someone might deal with in therapy if they so chose, however, this is not an issue that indicates psychiatric impairment or a psychiatric disorder that would lead to restrictions and/or limitations.

From the perspective of physical medicine, there are no objective findings of physical limitations noted. There are extensive medical records that were provided for review, but all note that Ms. Kirk continues to go for various injections, facet blocks, epidural injections, trigger point injections and rhizotomy. There no therapy notes of functional capacity exams that would indicate what her functional limits currently are. There is no documentation that she could not work full time, 40 hours per week, 8 hours per day with sedentary work restrictions.

Therefore, after a full and fair review of the facts presented on appeal, we must deny your appeal and uphold the prior decision of Liberty Mutual.

There are no further appeals available under the plan from this decision. Since Ms. Kirk has exhausted the plan's claims procedures, she has a right to file suit under section 502(a) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).

Ms. Kirk is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to her claim for benefits. To request this information, please submit a written request to the Wachovia Long-Term Disability Appeal Committee.

Sincerely,

Wachovia Long-Term Disability Appeal Committee

Guynn, Memmer & Dillon, P.C.
ATTORNEYS AT LAW
415 S. COLLEGE AVENUE
SALEM, VIRGINIA 24153

Wachovia Group Long Term Disability Plan
c/o Wells Fargo Bank National Association
Registered Agent:
Corporation Services Company
Bank of America Center, 16th Floor
1111 E. Main Street
Richmond, VA 23219

23219353216



02 1P
0001604660
MAILED FROM ZIPCODE 24153
$ 000.66⁰
AUG 30 2013
UNITED STATES POSTAGE
PITNEY BOWES